## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SHIKEETA WALKER,

     Plaintiff,

v.                                                              Case No. 3:23-cv-644-TJC-LLL

DOLLAR TREE STORES, INC.,

     Defendant.

_____

# O R D E R

     This case is before the Court on sua sponte review of Defendant Dollar Tree Stores, Inc.'s Notice of Removal (Doc. 1). Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Upon review of this case, the Court finds that the jurisdictional allegations are lacking.

     Defendant invokes diversity of citizenship but has failed to establish the jurisdictional amount in controversy. (Doc. 1 ¶ 2); cf. 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). Defendant argues that the amount in controversy exceeds $75,000 because (1) Plaintiff Shikeeta Walker accrued $28,267.85 in medical bills prior to filing suit in state court, and (2) Plaintiff alleges generic past and ongoing losses, such as pain and suffering, disability, medical expenses, loss of earnings, and other similar conclusory damages and claims she suffered spine

and brain injuries. (Doc. 1 ¶¶ 8–10). Without more, Defendant fails to show an amount in controversy exceeding $75,000.

Plaintiff's past medical expenses of $28,267.85 fall far below the jurisdictional threshold. Although past medical expenses provide some evidence of the amount in controversy, a defendant cannot merely speculate based on past expenses to meet the jurisdictional amount. See Pennington v. Covidien LP, No. 8:19-CV-273-T-33AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (finding that $27,000 in past medical expenses, even when paired with a $110,000 hypothetical future surgery, failed to satisfy the amount in controversy); Katz v. S.-Owners Ins. Co., No. 8:20-cv-2364-T-24CPT, 2020 WL 6537384, at *2 (M.D. Fla. Nov. 6, 2020) (finding the amount in controversy satisfied where the defendant presented the plaintiff's $26,799 in medical bills, detailed pre-suit demand letters breaking down the requested $100,000 in damages, and a life care plan estimating the future costs of her injuries).

Nor do Plaintiff's general allegations of past and ongoing harms satisfy the amount in controversy. See (Doc. 6 ¶ 9). The state court complaint provides no further detail on the types of injuries, costs of medical treatment, or loss of earnings. Id. And Defendant cannot establish the jurisdictional amount in controversy from general, conclusory allegations alone. See Williams v. Best Buy Co., 269 F.3d 1316, 1319–20 (11th Cir. 2001). Although Defendant asserts that "Plaintiff claims to have sustained a traumatic brain injury and significant

cognitive impairment, as well as injuries to her thoracic, lumbar, and cervical spine, and is allegedly still treating for such," these "claims" are not present in the record. (Doc. 1 ¶ 8); (Doc. 1-3 at 41–42) (email from Plaintiff's counsel indicating $28,267.85 in outstanding bills). Without any information on the seriousness and nature of these purported injuries, Defendant's assertions do not fill the gap between Plaintiff's medical expenses and the jurisdictional threshold.

The Court requires more information before it can determine whether the amount in controversy exceeds $75,000.

Accordingly, it is hereby

**ORDERED:**

Defendant is directed to file a jurisdictional supplement of no more than seven pages no later than **June 23, 2023**. If Defendant fails to supplement the Notice of Removal, the Court will remand the case.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of June, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

rmv
Copies:
Counsel of record